UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                               Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.216.255.36,<br><br>                               Defendant. | Case No.:  16cv444 GPC (BGS)<br><br>**ORDER GRANTING EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4.]** |

## I. BACKGROUND

On February 18, 2016, Plaintiff, Malibu Media, LLC, filed a complaint against the John Doe subscriber assigned IP address 76.216.255.36 for copyright infringement. (ECF No. 1.) On March 18, 2016, Plaintiff filed an *Ex Parte* Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference in order to ascertain the identity of this John Doe Defendant. (ECF No. 4.)

In its complaint, Plaintiff asserts the defendant is liable for direct copyright infringement. (Compl. at pp. 5-7; ECF. No. 1.) Plaintiff alleges it owns the copyrights for

movies contained on its website and the defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute the movies without consent. (*Id.* at p. 3.) To identify the Internet Protocol ("IP") address of the defendant using BitTorrent, Plaintiff hired forensic investigator, Excipio GmbH ("Excipio"). (Declaration of Daniel Susac "Susac Decl.", ECF No. 4-3 at 2:1-7.)

Since it can only identify the defendant by the IP address used, Plaintiff requests permission to serve a Rule 45 subpoena on the Internet Service Provider (ISP) that issued the IP address to the defendant. (Pl.'s Mot., ECF. No. 4-1 at 8:19-23.) The proposed subpoena will demand only the name and address of the defendant. (*Id.* at 23:10-12.) Plaintiff asserts it will only use this information to prosecute the claims made in its Complaint. *Id*.

Plaintiff claims good cause exists to grant the motion because: (1) it has sufficiently pled a prima facie claim for copyright infringement, (2) it cannot identify the defendant without the discovery requested, (3) there is a risk the ISP will not retain records correlating the defendant's identity, (4) the defendant has been identified with specificity through geolocation technology and forensic investigation, (5) the information sought for the subpoena will enable Plaintiff to serve the defendant and proceed with the suit, and (6) Plaintiff's interest in the narrowly-tailored request for information to enforce its copyrights outweighs any prejudice to the defendant. (*Id.* at pp. 12-25.)

///

///

## II. STANDARD OF REVIEW

### A. The Cable Privacy Act

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing the ISP to produce documents and information sufficient to identify the user of the specified IP address.

### B. Requests for Discovery Before The Rule 26(f) Conference

Unless a court order permits early discovery, it is not allowed until parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice with the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

District courts in the Ninth Circuit apply the following test to determine whether early discovery may be permitted to locate defendants: first, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that the requested discovery will lead to identifying information about the defendant that would make service of process possible. *Columbia Ins. Co.v. Seescandy.com* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, No. 12-CV-0186 MMA, ECF, 2012 WL 1648838, at *3 (S.D. Cal. May 4, 2012).

For example, in *UGM Recordings, Inc. v. Doe.*, No. C 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008), the court found good cause to grant the plaintiff early discovery to identify an unknown defendant who had downloaded the plaintiff's copyrighted music recordings via an online peer-to-peer system. 2008 WL 4104214, at *2. The plaintiff only had access to the IP address associated with downloading the recordings and intended to serve a subpoena on the ISP to determine the identity of the defendant. *Id.* First, the plaintiff satisfied the requirement for sufficiently alleging copyright infringement by showing it owned a valid copyright and that the copyrighted works were distributed without its consent over the internet. *Id.* at *5.

Second, Plaintiff was only able to identify the defendant by its IP address and, therefore, could not proceed with a suit absent the requested discovery. *Id.* Third, Plaintiff alleged the ISP could have potentially disposed of the logs without the discovery request. *Id.* In addition, the plaintiff showed that, without the discovery, it could not truly identify the defendant and would suffer ongoing harm if not given the opportunity to file a suit. *Id.* The plaintiff further alleged there would be no prejudice towards the defendant since it asked only for the contact information required to serve process. *Id.* The *UGM Recordings* court granted the plaintiff's motion for early discovery allowing it to request the defendant's name, address, telephone number, e-mail address, and MAC address. *Id.* at *6.

## III. DISCUSSION

After careful consideration of the *ex parte* motion, the Court finds the plaintiff has satisfied the test articulated by the court in *Columbia Ins.* The Court will address these three factors in turn below.

### A. Plaintiff Has Identified Missing Party With Sufficient Specificity So Court Can Determine That Defendant Is Real And Could Be Sued

The sufficient specificity requirement "is necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins.,* 185 F.R.D. at 578.   Specifically, "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to

trace the IP addresses to a physical point of origin." 808 Holdings, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011)).

In the declaration of Daniel Susac, the forensic investigator for Excipio GmbH, Mr. Susac explains that he "used forensic software named Network Activity Recording and Supervision ("NARS") and related technology enabling the scanning of the BitTorrent file distribution network" to identify IP addresses that are being used to distribute Plaintiff's copyrighted works without authorization. (Susac Decl., ECF No. 4-3 at p. 2.) The software used by Mr. Susac identified siterip files that were downloaded, copied and distributed by the subscriber assigned IP address 76.216.255.36, which were identical, strikingly similar or substantially similar to Plaintiff's original work. (Susac Decl., ECF No. 4-3 at p. 3.) The NARS software also identified the date and time the subscriber/doe defendant distributed the copyrighted works at issue. (Exh A. to Pl.'s Complaint.) Patrick Paige, the founder of Computer Forensic, LLC, has explained in his declaration, that "during the initial phase of Internet based investigations, the offender is only known to law enforcement by an IP address." (Paige Decl., ECF No. 4-4 at 3.) Paige states that "the process used by law enforcement mirrors the process used by Malibu Media to correlate an IP address to an individual." *Id*. Based on the information provided to the Court from the Plaintiff, including: (1) the specific subscriber IP address at issue, (2) the dates and times of connection, and (3) the name of internet service

provider for the IP address located, the Court finds the subscriber/doe defendant has been identified with sufficient specificity.

### B. Plaintiff Has Identified Previous Steps Taken To Locate Defendant

The Court in *Columbia Ins*. explained that "this element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Columbia Ins.,* 185 F.R.D. at 579-80.  In its *ex parte* motion, Plaintiff states that in addition to hiring forensic investigators, it has "attempted to correlated Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools, including basic search engines … [and] by reviewing numerous sources of authority…."  (Pl.'s Mtn., ECF No. 4-1 at p. 21.) And, as mentioned in the preceding paragraph, Plaintiff has also hired Daniel Susac, the forensic investigator for Excipio GmbH, as well as Patrick Paige, the founder of Computer Forensic, LLC, to assist it in locating the IP addresses that are being used to distribute Plaintiff's copyrighted works without authorization.  (Susac Decl., ECF No. 4-3; Paige Decl., ECF No. 4-4.)  Their investigation has now resulted in a unique IP address, however, "the only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider."  (Paige Decl., ECF No. 4-4 at p. 3.)  The Court, therefore, finds Plaintiff has made a good faith effort to identify the subscriber/doe defendant.

### C. Plaintiff's Suit Against Defendant Could Withstand A Motion To Dismiss

In order to meet the third factor set forth in the *Columbia Ins*. test, the plaintiff "must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.,* 185 F.R.D. at 580.

To prevail in a copyright infringement action, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000)).

Plaintiff's complaint lists the copyrighted movie titles which it owns and has registered, with a listing of the copyright registration numbers of the allegedly infringed works at issue.  Exh. B to Pl.'s Complaint, ECF No. 1-3 and ECF No. 1-5.  Plaintiff also alleges the subscriber/doe defendant used the BitTorrent file sharing system, to copy and distribute the movies without consent.  Exhs. A-C to Pl.'s Complaint, ECF No. 1-2, 1-3 and 1-4.  Plaintiff has alleged a prima facie case of copyright infringement which may withstand a motion to dismiss. (Compl. at pp. 5-7; ECF. No. 1.)  The plaintiff has also demonstrated through the declarations of its forensic computer experts that an ISP maintains the subscriber records that contain the name and address information they seek. (Paige, Decl., ECF No. 4-4 at 3.)  Accordingly, Plaintiff has made a *prima facie* showing

of copyright ownership and a violation of the copyright that could survive a motion to dismiss. Thus, the third factor for granting early discovery has been met.

### D. Plaintiff Has Shown Requested Discovery Will Lead to Identifying Information

Plaintiff has satisfied the last inquiry required in *Columbia Ins.* by demonstrating the requested discovery will lead to identifying information about the defendant that would make service of process possible. *Columbia Ins.,* 185 F.R.D. at 580. As explained above, Plaintiff's investigation has revealed a unique IP address. Due to the fact that the only entity able to correlate an IP address to a specific individual is the Internet Service Provider, the requested Rule 45 subpoena requiring the ISP to provide Plaintiff with the true name and address of the Defendant to whom the IP address belongs would lead to information making physical service of process possible.

### IV. CONCLUSION AND ORDER THEREON

Plaintiff has met its burden of showing good cause and the *ex parte* motion is **GRANTED**. **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint. Plaintiff may not subpoena additional information.

2. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.

3.  Within 14 calendar days after service of the subpoena, the ISP shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena.

4.  If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

5.  If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5)[1], that ISP shall comply with 47 U.S.C. § 551(c)(2)(B)[2], by sending a copy of this Order to the Defendant.

///

///

///

---

[1] Under 47 U.S.C. § 522(5), the term "cable operator" means any person or group of persons:
 (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
 (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the sole purpose of enforcing Plaintiff's rights as set forth in its Complaint.

Dated: April 22, 2016

_____
Hon. Bernard G. Skomal
United States Magistrate Judge