UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                             Plaintiff,<br><br> v.<br><br> JOHN DOE subscriber assigned IP address 76.216.255.36,<br><br>                             Defendant. | Case No.:  16cv444 GPC (BGS)<br><br>**ORDER DENYING JOHN DOE DEFENDANT'S MOTION TO QUASH THIRD PARTY SUBPOENA**<br><br>**[ECF No. 9.]** |

On April 22, 2016, this Court granted Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third-Party Subpoena on Defendant John Doe's Internet Service Provider ("ISP") to identify Defendant, a subscriber assigned Internet Protocol ("IP") address 76.216.255.36.  (ECF No. 4.)  Defendant now moves to quash the Rule 45 subpoena issued to Defendant's ISP, AT&T Internet Services, to obtain Defendant's name and address.  (ECF No. 9.)  Plaintiff has filed an Opposition and Defendant a Reply. (ECF Nos. 13, 15.)  For the reasons set forth below, Defendant's Motion to Quash is **DENIED**.

I.     BACKGROUND

Plaintiff alleges it owns the copyrights for movies that Defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute without Plaintiff's consent.

(Compl. ¶¶ 12-36.)  As explained in the Court's April 22, 2016 Order, to identify the IP address that was using BitTorrent for copyright infringement, Plaintiff hired forensic investigator, Excipio GmbH ("Excipio").  (Ex Parte Mot. for Leave to File/Serve a Third Party Subpoena, Decl. of Daniel Susac ("Susac Decl."), [ECF No. 4-3] ¶ 7.)  In his declaration, Mr. Susac, the forensic investigator for Excipio, explains that a computer using IP Address 76.216.255.36 "connected to Excipio's investigative server in order to transmit a full copy, or portion thereof, of the digital media file[s]" listed in Exhibit A to the Complaint — Plaintiff's works — at a specific time and date. (*Id.* at ¶¶ 11-12.)  The files were compared to Plaintiff's works and verified to be identical or substantially similar to Plaintiff's works.  (*Id.* at ¶¶ 13-16.)  Additionally, Patrick Paige, the founder of Computer Forensic, LLC, explains in his declaration, that "during the initial phase of Internet based investigations, the offender is only known to law enforcement by an IP address" and that "the process used by law enforcement mirrors the process used by Malibu Media to correlate an IP address to an individual." (Ex Parte Mot., Decl. of Patrick Paige ¶¶ 9, 14.)  He also indicates that identifying the subscriber through the ISP is likely to identify the infringer.  (*Id.* ¶ 13.)

## II. DISCUSSION

Federal Rule of Civil Procedure 45(c)(3) requires a subpoena be quashed or modified if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." *Liberty Media Holdings v. Does*, 1-62, 2012 WL 628309, *2 (S.D. Cal. February 24, 2012) (citing *Call of the Wild Movie, LLC v. Does*, 1-1,062, 770 F. Supp. 2d 332, 354-44 (D. D.C. 2001)).

Defendant argues the Court should quash the subpoena issued to AT&T because: (1) the subpoena response will not identify the actual infringer; (2) the Court lacks

jurisdiction over Defendant; and (3) and it would subject Defendant to undue burden, annoyance, or embarrassment.  As noted below, the Court addressed the first two points in granting Plaintiff leave to issue the subpoena.  However, putting aside whether any of these are an appropriate basis to quash a subpoena issued to a third party and authorized by order of the Court, the Court addresses each.

### A. Identifying the Infringer

Defendant argues the subpoena response "will only provide the identity of the person whose name was on the account at the time of the alleged downloads," not the actual infringer.  (Mot. at 10.)  Defendant accurately points out it is possible the infringement was perpetrated by another member of the household other than Defendant, a neighbor, a guest, or even someone that hacked Defendant's internet access.  However, that does not mean Defendant, the subscriber whose IP address was used to infringe is not the infringer.  Defendant seems to equate other possibilities existing as proving the equal or more likely alternative is impossible.  Additionally, Defendant has not cited any authority that requires a plaintiff to prove its case of infringement to a certainty prior to serving the complaint.[1]  Defendant is free to argue, and put forth evidence, that he or she is not the infringer as the case proceeds, but Plaintiff is not required to prove its case with conclusive evidence prior to serving the defendant, particularly when that evidence would be impossible to obtain without identifying the subscriber.

### B. Jurisdiction

Defendant also argues the Court should quash the subpoena because Plaintiff has not provided sufficient evidence concerning the accuracy of its geolocation software.  (Mot. at 16.)  In short, Defendant argues Plaintiff has not provided sufficient evidence that the IP address identified in this case is located within this district.  In Opposition to

---

[1] The Court will not repeat the analysis here, but the Court also found Plaintiff identified Defendant with sufficient specificity and made a *prima facie* showing of infringement in its Order authorizing service of the subpoena based.  (Ex Parte Mot. at 5-8.)

the Motion, Plaintiff submitted a declaration identify the database system Plaintiff used to determine the IP address at issue is assigned to AT&T Internet Services and located within the district, as well as information on how the database works and its high accuracy rate. (Opp'n, Decl. of Brian M. Heit ("Heit Decl.") ¶¶ 7-12.) The Court is satisfied that the IP address at issue is assigned to a location within this district.[2]

### C. Undue Burden

Defendant argues that disclosing his or her name and address to Plaintiff will impose an undue burden because Plaintiff will use the information to force Defendant into a settlement to avoid "litigating an expensive lawsuit involving pornography." (Mot. at 6.) Defendant relies on district court decisions recognizing the prevalence of "copyright trolls" that file hundreds of cases, not to actually litigate infringement, but to obtain the anonymous alleged infringer's identity for purposes of extorting a settlement demand. (*Id.* at 6-9.) Plaintiff responds that it is not a copyright troll because it owns the copyrights being infringed, it has a documented basis to assert infringement, it investigates its cases and only proceeds with those having merit, and it does litigate its cases, including winning the first ever BitTorrent copyright infringement lawsuit to reach trial. (Opp'n at 3-4.)

Defendant's Motion focuses primarily on a criticized practice of some entities asserting copyright infringement — filing hundreds of cases, often involving pornography, with the intention of extracting a settlement from someone based on their desire to avoid the embarrassment of being associated with stealing pornography and the cost of litigation. However, as to Plaintiff specifically, Defendant relies only on the number of cases filed and one instance when an attorney in another of Plaintiff's cases acknowledged having conducted an asset search on a defendant. (Reply at 7-8.) The

---

[2] The Court's conclusion in the context of this motion does not preclude Defendant from moving to transfer venue if this is the unusual case when the database is inaccurate. Defendant's motion does not address his or her location or otherwise provide any evidence suggesting Defendant or the infringement alleged did not occur in this district.

number of cases filed is high, including just those in this district, and the vast majority of them appear to be dismissed, but that alone does not establish Plaintiff is engaging in abusive litigation tactics.[3]  It is possible there are simply many people infringing Plaintiff's works and Plaintiff is electing to pursue litigation.  Defendant criticizes Plaintiff for utilizing the courts to identify anonymous defendants, but based on the record before the Court, that is the only way to identify infringers.  This in itself may be why a significant number of cases are filed.

Finally, Defendant references cases that have recognized the potential embarrassment of this type of litigation being a factor in settlements, however, Defendant does not seek a protective order to remain anonymous.  Plaintiff has indicated its counsel have been instructed never to oppose a defendant's motion to proceed anonymously and would not object to allowing Defendant to remain anonymous through discovery in this case.  Such a request is not before the Court, but its availability is sufficient to mitigate embarrassment to Defendant as a basis for quashing Plaintiff's subpoena.

Having considered the burden on Defendant in disclosure of his or her name and address, the relevance of the information, and Plaintiff's need for the information, the Court finds the subpoena is not unduly burdensome.  *See Liberty Media Holdings*, 2012 WL 628309, *2.

### III.   CONCLUSION

Defendant's Motion to Quash is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 6, 2016

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

---

[3] If Plaintiff were to engage in abusive tactics as to Defendant, Defendant could file an appropriate motion to raise the issue.